UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **Clinton Hazelton & Brandy Hazelton** | **Civil Action No. 07-615** |
| versus | **Judge Tucker L. Melançon** |
| **Union Pacific Railroad Co., E.J. Pierre, Keith McClinton & State of Louisiana, Department of Transportation and Development, et al** | **Magistrate Judge C. Michael Hill** |

**MEMORANDUM RULING**

Before the Court is plaintiffs' Motion to Remand [Rec. Doc. 11], and defendant Union Pacific Rail Road Company's ("UP") Memorandum in Opposition thereto [Rec. Doc. 15]. For the reasons that follow, plaintiffs' Motion [Rec. Doc. 11] will be DENIED.

**I. STATEMENT OF FACTS**

On May 7, 2007 plaintiffs filed their original petition for damages in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana; case number 07-C-0732-D [Rec. Doc. 1, attached State Court Petition]. In their petition, plaintiffs allege a claim for damages arising out of an accident allegedly caused by the joint negligence of defendants when plaintiff Christopher Hazelton attempted to cross the railroad line and/or tracks located at the Texaco Oilfield Road crossing, a private crossing, near Port Barre, Louisiana, and was struck by a freight locomotive. [*Id*.]. The Petition alleges that defendants are "solidarily and strictly liable . . . pursuant to C.C. Art 2317, 2311and other applicable portions and/or

1

articles thereof." [*Id.*].

On or about April 4, 2007, a Notice of Removal [Notice, Rec. Doc. 1; Removal Order, Rec. Doc. 3], was filed by defendants UP, E.J. Pierre and Keith McClinton asserting diversity jurisdiction based on the alleged fraudulent joinder of the Louisiana Department of Transportation and Development ("DOTD") and McClinton; and federal question jurisdiction. (*Defendant's Opposition,* p. 6).

Plaintiffs filed a Motion to Remand [Rec. Doc. 11], alleging that removal is inappropriate on two grounds: (1) that defendants E.J. Pierre, Keith McClinton, and the DOTD, were all non-diverse in-state Louisiana residents at the time of the accident, February 14, 2006; and (2) the DOTD, as an arm of the state, cannot be sued in federal court under the Eleventh Amendment to the United State Constitution (*Plaintiffs' Motion,* pp. 1-2).

Defendant UP opposes remand, alleging that complete diversity exists between all *properly* joined defendants**:** plaintiffs are citizens of Louisiana; defendant UP is a citizen of Delaware and Nebraska; and UP's engineer, E.J. Pierre, is a citizen of Texas. (*Defendant's Opposition,* p. 5). UP contends that defendants, the DOTD and UP's conductor, Keith McClinton, both citizens of Louisiana, were fraudulently joined and that plaintiffs have no possibility of recovery against either because the DOTD has no legal responsibility for private crossings and personal liability cannot be imposed on McClinton as a conductor because his role is a supervisory one with general administrative responsibility. (*Id.*). Additionally, defendant argues that removal is proper under federal question jurisdiction

2

pursuant to *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005), in which the Supreme Court of the United States held that a federal court has federal question jurisdiction when a state claim contains a disputed and substantial question of federal law, as long as the federal and state balance is not disturbed. (*Defendant's Opposition,* p. 5). Defendant alleges that this matter involves such a question, in that there is issue of whether a claim is preempted. (*Id.*).

## II. STANDARD FOR REMAND

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Webb ex rel. Groth v. City of Leland, Mississippi,* 2004 WL 3092767, 1 (N.D. Miss. 2004). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996); *see Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941).

Defendant maintains that removal of this case was proper and that a remand is not warranted because the in-state, Louisiana resident defendants DOTD and McClinton were fraudulently joined in this suit. A district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *"*improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004). However, "[t]he burden of persuasion

placed upon those who cry 'fraudulent joinder' is indeed a heavy one, and unless it is clear that the non-diverse defendants have been fraudulently joined, the case should be remanded to the state court from which it was removed." *Eve v. Kansas City Southern Railroad Co.*, 358 F3d 337 (5th Cir. 2004)*; B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). This is to ensure that federal courts do not encroach upon the state court's rights to hear and determine cases properly brought in the state forum. *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923 (M.D. La. 1990).

"The purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id*. To prove that a non-diverse defendant was improperly joined, the removing party must show actual fraud in the pleading of jurisdictional facts or an inability of a plaintiff to establish a cause of action against a defendant in state court. *See McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40 (5th Cir.1992); *Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995). "The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Therefore, a

defendant may establish improper joinder by demonstrating that, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir.2003)).

The court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *See McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 334 (5th Cir. 2004). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573-574. If necessary, the Court may, in its discretion, resolve the claims by a summary judgment-like procedure. Although the district court may "pierce the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. "In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

Additionally, whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S.

386, 392 (1987). The plaintiff is "the master of her complaint," and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co., Inc.* 238 F.3d 674, 680 (5th Cir. 2001) (citing *Carpenter v. Wichita Falls Indep Sch. Dist.,* 44 F.3d 362, 366 (5th Cir. 1995)).

Federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983); *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808-09 (1986); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

### III. ANALYSIS

As the removing party, the burden is on UP to prove fraudulent joinder by putting "forth evidence that would negate a possibility of liability on the part" of the non-diverse defendants. *McKee v. Kansas City Southern Railroad Company*, 358 F3d 329, 333-334 (5th Cir. 2004); *Travis v. Irby*, 326 F3d 644, 648-650 (5th Cir. 2003).

Plaintiffs attempt to raise an issue regarding the diversity of defendant E.J. Pierre:

> [d]efendants suggest the citizenship of . . . at the time of filing of complainants' petition . . . defendant E.J. Pierre was and is a resident and domiciliary of the State of Texas . . . Defendants failed to mention that at the time of the accident defendant, E.J. Pierre, was a lawful resident of Louisiana and domiciled in the State of Louisiana.

(*Plaintiffs' Motion,* p. 2). It is well settled that citizenship for purposes of diversity is determined at the time of commencement of the suit, not when the cause of action accrued,

in this case, when the alleged accident occurred. *See Dole Food Co. v. Patrickson,* 538 U.S. 468 (2003); *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381 (1998); *Ren-dan Farms, Inc. v. Monsanto Co.*, 952 F. Supp. 370, 374 (W.D. La. 1997); *Glaze v. Ahmad*, 954 F. Supp. 137, 139 (W.D. La. 1996). Defendant submits the affidavit of Pierre, which establishes that he was a Texas citizen both at the time plaintiffs filed suit on February 13, 2007 and when this suit was removed on April 4, 2007. (*Defendant's Opposition,* Ex. "A," ¶ 1). The Court therefore finds that defendant Pierre's citizenship is diverse from plaintiffs'; he does not destroy the existence of diversity jurisdiction.

As for in-state defendants, the DOTD and UP conductor, Keith McClinton, whom UP alleges have been fraudulently joined and that plaintiffs cannot establish a reasonable basis for recovery against, plaintiffs list certain specific acts of negligence by each to argue that "[g]iven these allegations and the probability of recovery against the in-state, non-diverse defendants, they were not 'fraudulently joined.'" (*Plaintiffs' Motion*, pp. 3-4).

Plaintiff alleges that DOTD was negligent in:

(a.) Hiring inadequate personnel/employees and/or railroad crossing inspectors;
(b.) Failure to provide proper warning signs and/or crossing signs of railroad when required to do so;
(c.) Failure to provide safe crossings for vehicles;
(d.) Failure to warn oncoming vehicular traffic at the crossing with proper signs or other means of visual and hearing signals;
(e.) Failure to maintain its right of way of trees and other obstacles of view when it had proper notice and the opportunity to do so.

(*Plaintiffs' Motion*). Defendant alleges that such allegations are not viable because plaintiffs' Petition states that the accident occurred "on the private railroad crossing," and

"[B]y definition, private or "off-system" crossings are ones which the DOTD does not own." (*Defendant's Opposition,* p.5 (citing *Long v. State of La.*, 2004-0485 (La. 06/29/05), 916 So.2d 87, 90 n. 3)); (*Plaintiffs' Petition,* ¶ 1).

It is well settled under Louisiana law that "[t]he duty to repair and maintain a road in a safe manner falls upon the political body that has jurisdiction over the road." *Clay v. Papillon,* 653 So.2d 774, 775 (La.App. 3rd Cir.1995) (citations omitted). While this duty may include the duty to erect warning signs at dangerous railroad crossings, this duty falls upon the governing authority only if it actually has jurisdiction over the particular roadway. *Rivere v. Union Pac. R.R. Co.,* 647 So.2d 1140, 1148 (La.App. 1st Cir.1994). A private crossing is not part of the State of Louisiana's highway system, and generally, the state (the DOTD) does not have a duty to provide protection devices at or in any way maintain railroad crossings on non-state or off-system crossings. *See Webb v, So. Pac. R.R. Co.,* 617 So. 2d 618 (La. App. 3rd Cir. 1993); *Holland v. Norton,* 1998 WL 760382 (E.D. La. 1998). Under Louisiana law, the DOTD simply does not have jurisdiction over the crossing at issue, nor does it have any legal duties or responsibilities for the crossing. *See Long*, 916 So.2d at 103 (plaintiff failed to allege a claim against the DOTD where the crossing was off-system and plaintiffs alleged the DOTD had a duty to maintain).

As for the DOTD's alleged failure to "maintain its right of way of trees and other obstacles of view," defendant alleges that the trees were not on the DOTD's right of way and so the DOTD cannot be held responsible for something it does not own. As evidence in

support, defendant submits the DOTD statement that its right of way off of Highway 190, which runs parallel to the track including at the crossing in issue, starts fifty feet from the center of the railroad track. (*Defendant's Opposition,* p. 4, Ex "C", DOTD Letter of May 14, 2007). The UP Senior Claims Representative, David Rosedale, who allegedly investigated the accident in the ordinary course of his duties with the railroad, measured the distance between the outer rail and the tree line at 25 feet. (*Defendants' Opposition,* Ex "D" February 24, 2006 Diagram). Other than plaintiffs' general allegations of negligence on the part of the DOTD in failing to maintain its right of way, plaintiffs have not presented any evidence that would dispute or otherwise call into question defendant's evidence that the DOTD had no legal responsibility or duty regarding any trees or other obstacles that allegedly blocked Clinton Hazelton's view because none were located on the DOTD's right of way. UP has met its burden and the evidence put forth demonstrates that there is no possibility that the plaintiffs would be able to establish a cause of action against the DOTD for failure to maintain its right of way in state court.

The Court finds, based on the record before it and the facts of this case, that the evidence defendant put forth negates a possibility of liability on the part of the DOTD; plaintiffs have offered no evidence to support their claim that the DOTD or the State of Louisiana owed them a duty. Therefore, the DOTD was fraudulently joined and plaintiffs' claims against it must be dismissed.

Defendant alleges that UP's conductor, Keith McClinton, was also fraudulently joined

9

as he cannot be held personally liable and no viable claim can be stated against him because his position is simply supervisory and he does not operate the train. (*Defendant's Opposition, p. 10*). Although plaintiffs list certain alleged acts of negligence of McClinton,[1] as they likewise did regarding the DOTD, they do not provide any evidence or otherwise dispute defendant's assertion that the conductor is a purely supervisory position.

Defendant points the Court to the undersigned's previous ruling denying a motion to remand under nearly identical facts and circumstances in *Lachapelle v. Union Pacific R.R. Co.*, Civ. Action No. 99-1298 (W.D. La. 9/30/99)(Melançon, J.) (Attached as Ex. "E" to *Defendant's Opposition*). In *Lachappelle*, plaintiffs, all Louisiana residents, sued UP, its engineer, and its conductor, who was a Louisiana resident, in Louisiana state court, 27th Judicial District Court, Parish of St. Landry [Rec. Doc. 1 in Civ. Action No. 99-1298]. The plaintiffs alleged claims against the conductor similar to those now before the Court, and UP removed, claiming that the conductor was fraudulently joined. In ruling on plaintiffs' Motion to Remand [Rec. Doc. 10 in Civ. Action No. 99-1298], the *Lachappelle* court held that the conductor supervises the operation and administration of the train, but does not have any personal responsibility for its operation and therefore could not be held personally liable

---

[1] Including: (a.) Failure to maintain proper lookout; (b.) Failure to use the proper warning signals and/or bells to warn oncoming traffic of approaching train; (c.) Exceeding the speed limit for trains and/or take proper precaution when he was able to do so when forewarned of impeding danger; (d.) Driving while inattentive; (e.) Failure to slow, reduce speed and/or take proper precaution when he was able to do so when forewarned of impeding danger; (f.) Other acts of negligence which is known or should be known to said defendants; (g.) All such other acts of fault, neglect or strict liability as may be determined during the discovery phase of this litigation.

to plaintiffs. Accordingly, since plaintiffs "failed to put forth any reasonable basis for liability against [the] conductor," joinder was found to be fraudulent and the motion to remand was denied [Rec. Doc. 15 in Civ. Action No. 99-1298].

Defendant also points the Court to *Cleveland v. Kansas City S. Rwy. Co. & Joel McCready*, Civ. Action No. 97-0525-S (W.D. La. 1/29/98)(Walter, J.)(Attached as Ex."F" to *Defendant's Opposition*), in which, like the *Lachapelle* court, the court denied a motion to remand, holding that the conductor was fraudulently joined and could not be held personally liable because the "conductor is in a supervisory position on the train" and was "not the [person] who is actually operating the train." As correctly stated by defendants, the *LaChapelle* and *Cleveland* holdings are in accordance with numerous other Western District opinions. *See e.g., Rascoe v. The Kansas City So. Rwy. Co.*, Civ. Action. No. 98-1919 (W.D. La. 1/6/99)(Walter, J.) (Attached as Ex."G" to *Defendant's Opposition*); *Eubanks v. Union Pacific R.R. Co.*, Civ. Action No. 98-1497 (W.D. 10/5/98) (Stagg, J.) (Attached as Ex."H" to *Defendant's Opposition*).

According to Union Pacific Railroad Company Rule 1.47, entitled "Duties of Trainmen and Engineer," the conductor "supervises the operation and administration of the train," and "[c]rew-members must obey the engineer's instructions that concern operating the engine." *(Defendant's Opposition,* Ex. "B," ¶ 2). Louisiana law does not impose personal liability on supervisors simply because of their administrative duties and purely supervisory function. Plaintiffs' claims of negligence on the part of McClinton involve operational

11

duties (*i.e.* failed to warn oncoming traffic of approaching train; exceeded the speed limit; drove while inattentive) ascribed to the engineer, which McClinton was not responsible for.

The facts and law, as set out above, do not support a theory of liability against the conductor. Therefore, having considered the record, the Court concludes that there is no evidence revealing a possibility that plaintiffs would be able to establish a cause of action against McClinton and plaintiffs' claims against this non-diverse defendant will be dismissed.

Based on the Court's finding, that it has diversity jurisdiction, it is not necessary to reach whether removal would also be proper under federal question jurisdiction.

The additional step of dismissing all claims asserted by the improperly joined defendants is warranted. "A finding of improper joinder is tantamount to dismissing the claims by or against the party who was fraudulently joined." *Riles v. Stevens Transport, Inc.,* 2006 WL 3843029, 6 (W.D.La.,2006) (Walter, J.) (*Citing Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 102 (5th Cir. 1990)("summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery"). "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair because the defendant's response in opposition to the Motion to Remand properly put plaintiffs on notice that their claims against the non-diverse defendants were under attack. *See Riles v. Stevens Transport, Inc.,* 2006 WL 3843029, 6 (W.D.La.,2006). Plaintiffs had an opportunity to

respond and did, but nonetheless still failed to articulate a viable claim, therefore plaintiffs' claims against the DOTD and McClinton will be dismissed.

### IV. CONCLUSION

For the reasons stated, the Court concludes that defendant has carried its burden of establishing that there is no possibility that plaintiffs could maintain a cause of action against either DOTD or Keith McClinton.  As such, the identified defendants were improperly joined in this suit.  Accordingly, plaintiffs' Motion to Remand [Rec. Doc. 11] will be denied and plaintiffs' claims against the non-diverse defendants, the DOTD and UP conductor Keith McClinton, will be dismissed.